

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
ATTORNEY GENERAL

May 19, 1959

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-628

Re: Payment of fees or
commissions earned
in civil proceedings
in which the State
is a party.

Dear Mr. Calvert:

Your request for an opinion reads as follows:

"Under the provisions of Article
3912e R.C.S., Section 1, Section 3,
Section 5 and Section 19, Subsection
(j) is it legal for this department to
issue a warrant to a county or district
officer for fees or commissions earned
by them in civil proceedings in which
the State is a party to the suit? Or,
should all fees and commissions be paid
only to the clerk on a cost bill for all
such fees and commissions earned by the
officers in the case? In the event you
rule that only the cost bill should be
paid, should the warrant be made payable
jointly to the clerk and the county
treasurer?

"In the event you rule that the fees
in civil cases where the State is a party
to the suit should be paid directly to the
officers who earned them, would it be nec-
essary for this department to determine
that the officer has been commissioned under
the provisions of Article 3882 R.C.S.? Under
the same conditions would it be necessary
for the officer to make the loyalty oath pro-
vided for by Article 6252-7 R.C.S. and file

it with this department before he could
be paid his fees by this department?

"Is it necessary for the loyalty
oath, provided for by Article 6252-7
R.C.S., be made by an officer in a fee
county and filed with this department
before he could be paid by this depart-
ment for any fee earned by him in a felony
case?"

Section 61 of Article XVI, Constitution of Texas,
provides in part as follows:

"All fees earned by district, county
and precinct officers shall be paid into
the county treasury where earned for the
account of the proper fund, provided that
fees incurred by the State, county and any
municipality, or in case where a pauper's
oath is filed, shall be paid into the county
treasury when collected and provided that
where any officer is compensated wholly on
a fee basis such fees may be retained by
such officer or paid into the treasury of
the county as the Commissioners Court may
direct. . . ."

This section not only requires that certain county officers
be compensated on a salary basis, but requires that all fees
earned by such officer be paid into the county treasury for
the account of the proper fund. Wichita County v. Robinson,
155 Tex. 1, 276 S.W.2d 509 (1955).

Sections 1 and 3 of Article 3912e, Vernon's Civil
Statutes, as amended by Chapter 23, Acts 56th Legislature,
Regular Session, 1959, effective March 10, 1959, provide as
follows:

"Section 1. No district officer shall
be paid by the State of Texas any fees or
commissions for any service performed by
him; nor shall the State or any county pay
to any county officer in any county contain-
ing a population of twenty thousand (20,000)
inhabitants or more according to the last
preceding Federal Census any fee or commis-
sion for any service by him performed as such

officer; provided, however, that the
assessor and collector of taxes shall
continue to collect and retain for the
benefit of the Officers' Salary Fund or
funds hereinafter provided for, all fees
and commissions which he is authorized
under law to collect; and it shall be his
duty to account for and to pay all such
moneys received by him into the fund or
funds created and provided for under the
provisions of this Act; provided further,
that the provisions of this Section shall
not affect the payment of costs in civil
cases or eminent domain proceedings by
the State, but all such costs so paid
shall be accounted for by the officers col-
lecting the same, as they are required under
the provisions of this Act, to account for
fees, commissions and costs collected from
private parties; provided further, that the
provisions of this Section shall not affect
the payment of fees and commissions by the
State or County for services rendered by
County Officers in connection with the acqui-
sition of rights of way for public roads or
highways, and provided that such fees and
commissions shall be deposited into the Offi-
cers' Salary Fund of the County by the County
Officer collecting such fee."

"Sec. 3. In all cases where the Commis-
sioners Court shall have determined that county
officers or precinct officers in such county
shall be compensated for their services by the
payment of an annual salary, neither the State
of Texas nor any county shall be charged with
or pay to any of the officers so compensated,
any fee or commission for the performance of
any or all of the duties of their offices but
such officers shall receive said salary in lieu
of all other fees, commissions or compensation
which they would otherwise be authorized to re-
tain; provided, however, that the assessor and
collector of taxes shall continue to collect
and retain for the benefit of the Officers'
Salary Fund or funds hereinafter provided for
all fees and commissions which he is authorized
under law to collect; and it shall be his duty

to account for and to pay all such moneys received by him into the fund created and provided for under the provisions of this Act; provided further, that the provisions of this Section shall not affect the payment of costs in civil cases or eminent domain proceedings by the State but all costs so paid shall be accounted for by the officers collecting the same, as they are required under the provisions of this Act to account for fees, commissions and costs collected from private parties, providing further that the provisions of this Section shall not affect the payment of fees and commissions by the State or County for services rendered by County Officers in connection with the acquisition of rights of way for public roads or highways, and provided that such fees and commissions shall be deposited into the Officers' Salary Fund of the County by the County Officer collecting such fee."

The emergency clause of Chapter 23, Acts of the 56th Legislature, states:

"The fact that under existing laws the County Officers are prohibited from collecting fees and commissions from the State or County for services rendered in connection with the acquisition of rights of way for public roads and highways, other than as payment of cost in civil actions and the fact that the accelerated highway program has placed an undue burden on the Officers' Salary Fund of the Counties due to the increased work required to be performed by the County Officers for which no fee or commission is collected creates an emergency, . . . etc." (Emphasis ours)

Prior to the enactment of Chapter 23, the prohibitions contained in Sections 1 and 3 of Article 3912e prohibited the payment of any fee or commission by the State to any County officer for any service performed by him as such officer unless the fees constituted (1) fees collected by the Assessor-Collector of Taxes and (2) payment of costs in civil cases. See Attorney General's Opinion WW-508 holding that the Comptroller

of Public Accounts is not authorized to issue a warrant
in payment of a recording fee for recording an agricul-
tural lease on lands purchased by the Veterans Land Board.

Chapter 23, Acts of the 56th Legislature, recog-
nized that the prohibition contained in Sections 1 and 3
contained only the exceptions mentioned above and because
the accelerated highway program had placed an undue burden
on the Officers' Salary Fund of the Counties added an
additional exception to the prohibition so as to permit the
State to pay fees and commissions for service rendered by
county officers in connection with the acquisition of rights
of way for public roads or highways.

It is noted that the prohibitions contained in Sec-
tions 1 and 3 of Article 3912e, Vernon's Civil Stautes,
concerning the payment of fees or commissions by the State
do not apply to the payment of costs in civil cases by the
State where the fees earned constitute a part of the cost
assessed against the State in a particular case. There-
fore, such cost must be paid by the State as provided by
law rather than as a fee to the individual officer.

Subdivision (j) of Section 19, Article 3912e, appli-
cable to counties having a population in excess of 190,000
inhabitants, provides as follows:

"(j) Each district, county, and precinct
officer who shall be compensated on a salary
basis shall continue to charge for the benefit
of the Officers' Salary Fund of his office pro-
vided for in this Section, all fees and commis-
sions which he is now or hereafter may be au-
thorized to charge against and collect from the
State of Texas for services performed by him in
civil proceedings and to file claims for the
fees or commissions due for such services in the
manner now or hereafter provided by law; and it
shall be the duty of said officer to account for
and cause to be paid to the salary fund created
for such officer all such commissions and fees
when paid by the State in like manner as for
costs collected from private parites; provided
further, that such warrants issued by the State
Comptroller of Public Accounts shall be made
payable jointly to the officer in office at the
date of payment and to the county treasurer,
and that upon endorsement thereof such warrants

shall be deposited forthwith by said county treasurer in the salary fund created for such officer."

Subdivision (j) of Section 19 above quoted, specifically provides how costs in civil cases are to be paid by the State. The Comptroller is specifically directed to make warrants payable to the officer in office at the date of the payment and to the County Treasurer. Therefore, you are advised that in counties of 190,000 inhabitants or more, fees or commissions earned by officers in civil proceedings in which the State is a party, assessed as costs, should be paid jointly to the Clerk and to the County Treasurer in payment of the cost bill, unless the final judgment directs otherwise. In other counties the warrant should be made payable to the Clerk or as directed by the final judgment.

Article 6252-7, Vernon's Civil Statutes, providing for loyalty oaths, is applicable to the payment by the State of Texas of salaries or other compensation for personal services rendered the State, and, is, therefore, not applicable to payment of costs by the State.

### SUMMARY

In counties containing a population in excess of 190,000 inhabitants, fees or commissions assessed as cost against the State in a civil proceeding in which the State is a party should be paid by warrant issued jointly to the Clerk and County Treasurer unless a final judgment directs otherwise. In other counties, such warrant should be made payable to the Clerk or as directed by the final judgment.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
Assistant

JR:zt:rm

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Raymond V. Loftin, Jr.
Charles Cabaniss
C. K. Richards

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. Geppert